UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DAVON T. SMITH,

       Petitioner,

       v.                                   Case No. 10-C-0264

MICHAEL DITTMAN,

       Respondent.

---

DECISION AND ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL, DENYING AS MOOT PETITIONER'S
MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING CASE,
AND DENYING CERTIFICATE OF APPEALABILITY

Respondent, Michael A. Dittman, moved to dismiss Davon T. Smith's petition for habeas corpus on the ground that it was not filed within the one year period of limitations set forth in 28 U.S.C. § 2244(d). By order dated November 23, 2011, the court denied the dismissal motion, but concluded an evidentiary hearing was needed to determine whether Smith "placed the original and two copies of [the] petition, with 10 44¢ stamps attached in the institution mail at the Waupun Correctional Institution" on September 2, 2009. The court conducted the hearing on Monday, December 12, 2011, and continued the hearing on Friday, December 16, 2011. In the interim, petitioner filed a motion seeking the appointment of counsel and a request to proceed in forma pauperis followed by the submission of supplemental materials filed by the respondent. For the reasons set forth below, which constitute the court's findings of fact and conclusions of law, petitioner's motions will be denied and this case will be dismissed.

1

Habeas petitions challenging a petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations in 28 U.S.C. § 2244. Hence, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). A state prisoner seeking federal relief under 28 U.S.C. § 2254 must generally file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Smith was convicted on June 7, 2005, of second degree intentional homicide and possession of a firearm by a felon in the Milwaukee County Circuit Court. He was sentenced to twenty seven years imprisonment on count one and six years imprisonment on the firearm count. The circuit court denied Smith's postconviction motions on July 19, 2007, and he appealed arguing ineffective assistance of counsel and the improper exclusion of evidence. The Wisconsin Court of Appeals affirmed his judgment of conviction on July 8, 2008. Smith's petition for review was denied by the Wisconsin Supreme Court on September 11, 2008, triggering the ninety day window for filing a petition for a writ of certiorari. Because Smith took no further action, his conviction became final on December 10, 2008, and the one year period started running the following day. Smith did not file the pending petition in this court until March 26, 2010.

Nevertheless, Smith's habeas petition contains the following paragraph under paragraph IX "Certificate of Inmate Mailing":

> NOTE: I placed the original and two copies of this petition, with 10 44¢ stamps attached in the institution mail at the Waupun Correctional Institution.
> ***

2

> The correctly addressed, postage pre-paid envelope containing this petition was sent left unsealed to the Business office in order for them to place a copy of the statement of the required six month trust fund account on September 2, 2009, and then for mailing, this was done by placing it in the institution's mail box.

In opposing the respondent's motion to dismiss, Smith argued that the prison mailbox rule applies because he filed the petition on September 2, 2009, by placing it in the institution mailbox, postage prepaid, properly addressed to this court, and then inquired about the status of the petition on February 8, 2010, by writing to the Clerk of Court. Smith asserts that he did not inquire earlier because he was told by other inmates that it is not uncommon to wait "five, six, or even seven months" for a court to respond.

As set forth in *Houston v. Lack*, the prison mailbox rule states that a pro se prisoner "files" a document on the date that the prisoner delivers that document to prison authorities to be mailed to the court. 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). The Supreme Court's decision, in part, was based on its reasoning that prison mail logs would generally be available to make it a straightforward inquiry, whereas the date of receipt by the court may be delayed for reasons such as the actions of prison officials or problems with the post office. *Id.,* at 275. In addition, Rule 3 of the Federal Rules Governing Section 2254 Cases provides:

> (d) Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been paid.

3

Unlike *Houston* and other cases applying the mailbox rule, the original petition filed by Davis was never received by this court. Also, there are no prison mail logs substantiating Smith's claim that he left a petition unsealed with the Waupon Correctional Business Office on September 2, 2009.

The Seventh Circuit Court of Appeals has not addressed this issue directly; however, other courts in this district have rejected similar claims. *See Ray v. Pollard*, 2011 WL 3684536 (E.D. Wis. 2011). In *Johnson v. United States*, 2010 WL 2490694, *2 (E.D. Wis. 2010), the petitioner filed an affidavit stating that he placed an original motion under 28 U.S.C. § 2255 into the prison's mail system, "postage prepaid & affixed this same day 6/10/09 ...." Because the motion was never received, Judge J. P. Stadtmueller considered the motion under the doctrine of equitable tolling rather than the prison mailbox rule. *Id.* at *3. He held that even if the motion was lost in the mail, the circumstances would justify tolling only as long as necessary for Johnson to reasonably discover that his submissions were not received by the court and then to re-submit them. *Id.* at *4. Waiting two hundred seventy-one days to resubmit the motion was not reasonably diligent. *Id.*

Judge William C. Griesbach considered the conflicting approaches of the Ninth and Eleventh Circuit Court of Appeals in applying the prison mailbox rule before turning to the facts in the case before him. *Ray v. Pollard*, 2011 WL at *2. The Ninth Circuit held that the mailbox rule applies as long as the prisoner acts diligently after failing to receive a disposition within a reasonable time. *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001). In contrast, the Eleventh Circuit rejected the diligence requirement reasoning that the lack of diligence on the part of the prisoner cannot "unfile" the document. *Allen v. Culliver*, 471

4

F.3d 1196, 1198 (11th Cir. 2006). After conducting an evidentiary hearing, Judge Griesbach concluded that his petitioner's testimony was not credible on the issue of whether he timely handed his filing to the prison official. Judge Griesbach analyzed the facts under the various mailbox rules prior to concluding that the limitations period for § 2254 motions was not tolled. *Id.*, at *9.

Here, Smith acknowledges that he has no proof that he timely mailed his petition because staff at Waupon Correctional does not log individual letters. Smith's affidavit at paragraph 3 states that "while at the Waupun Correctional Institution, [he] did place in the institutional mail system for mailing [his] petition for habeas corpus, postage prepaid, correctly addressed to this court." However, Smith did not reference the date of mailing until paragraph 12 when he asserts that he had "no other means to prove that [he] did file the petition on September 3, 2009."

Based on a thorough review of the submissions and the hearings in this matter, the court does not find Smith's claims that his petition was mailed on September 2 or 3, 2009, to be credible. In his petition, Smith stated that he placed ten 44¢ stamps attached in the prison mail. During the hearing on December 12, 2011, Smith testified that he placed four stamps on each of the two envelopes and delivered them to the business office at Waupun Correctional for mailing. He further testified that he received some of the stamps from other inmates and some from the commissary.

The evidence in the record establishes that: (1) Smith would have had to provide the prison business office an embossed first class envelope and a request for additional postage or a plain envelope with a request for the full cost of mailing; (2) if Smith asked that funds be drawn from his prison account, he should have noticed shortly after

5

depositing his envelope in the prison mail that the postage he requested was not deducted from his account; (3) loose stamps were considered contraband by the prison and were not available for purchase in the commissary when Smith claims he mailed his petition in September 2009; (4) Smith was transferred from Waupon to Redgranite Correctional Institution on October 14, 2009, but failed to notify the court of his change of address, thereby suggesting that he was not awaiting action on a pending petition; and (5) Smith's deadline for filing his petition was December 10, 2009, yet he claims he made no inquiries regarding his September 2009 mailing until February 8, 2010, and did not file the pending petition until March 26, 2010.

Waupun's Financial Program Supervisor during the relevant time period filed an affidavit stating that sometime before October of 2007, WCI "stopped making first-class postage stamps available to inmates for purchase from the canteen due to the inmates' using the stamps as form of currency amongst themselves." Accordingly, inmates could only purchase envelopes embossed with postage or request additional postage through a disbursement request. Further, Waupun records requests by inmates for printing and mailing in their six-month certified trust account statements, and there was no entry for stamps on Smith's account statement in September 2009, or any other point in 2009.

During the hearing on December 16, 2011, respondent's attorney summarized the exhibits in the record, including Waupun Correctional Daily Bulletins dated August 18, 2006, May 2, 2007, June 8, 2007, and March 27, 2009. The August 18, 2006, document described the institution's change from selling individual stamps to selling embossed envelopes. Inmates were required to affix loose stamps to envelopes by September 30, 2006. The May 2, 2007, bulletin notified inmates that stamps were increasing to $0.41

6

Case 2:10-cv-00264-CNC   Filed 12/22/11   Page 6 of 9   Document 21

stamps and that $0.39 envelopes with a $0.02 disbursement request would not be accepted. In addition, after May 14, 2007, prisoners had 10 days to contact the business office and report how many $0.39 embossed envelopes they had remaining along with a disbursement request. In all capital letters, inmates were notified that "AFTER THE EXCHANGE, ANY STAMPS NOT ADHEARED [sic] TO AN ENVELOPE OR $0.39 ENVELOPES WILL BE CONSIDERED CONTRABAND AND TREATED AS SUCH." Per the March 27, 2009, bulletin, postage stamps increased to $0.44 effective May 11, 2009, and the canteen would sell 1¢ stamps from May 4, 2009, through June 5, 2009, but loose stamps were considered contraband and subject to disciplinary action.

Significantly, Smith agreed with the statements by respondent's counsel regarding the information set forth in the bulletin. Consequently, the court concluded that Smith had not established that his petition had been mailed on September 2 or 3, 2009, based on the inconsistencies in the record regarding the date of mailing, the number of stamps, the policy treating stamps as contraband, and the absence of any deductions from Smith's account. Even if the court had accepted his statements as true, the court does not find that Smith acted diligently or that the facts warrant equitable tolling.

Smith argues in his petition that appellate counsel was ineffective for failing to identify or to raise the issue of whether trial counsel was ineffective in failing to cross examine a witness about a prior incident where the victim allegedly stabbed her boyfriend and in failing to clarify that it was the victim's family that made the witness afraid. The Wisconsin Court of Appeals rejected his argument on July 8, 2008. The one year limitations period did not expire until December 10, 2009. Nevertheless, Smith did not notify the court that he had been transferred from Waupun, and made no inquiries until he

7

allegedly contacted the Clerk in February of 2010. Yet, Smith did not file a petition until March 26, 2010. Consequently, the petition is untimely.

As a final matter, Smith filed a motion for the appointment of counsel and to proceed in forma pauperis. Smith paid the $5 filing fee and did not request counsel until after the hearing on December 12. Rule 8(c) of the Federal Rules of Habeas Corpus discusses the appointment of counsel when an evidentiary hearing is warranted, but the Advisory Committee Notes indicate that the rule applies where the petition has not been dismissed at a previous dismissal, "including a summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record." Fed. R. Civ. P. 8(c), advisory committee's note.

As explained to Smith on the record, the court conducted the hearing on this procedural issue prior to any answer being filed. Smith competently communicated his position orally and in writing. Moreover, it is improbable that the appointment of counsel would have changed the outcome of the hearing inasmuch as the decision is predicated on a factual determination regarding the circumstances surrounding a petition allegedly mailed but never received. There can be no debate under any standard applied that Smith has not shown that he mailed a petition sometime in September of 2009 or that he acted diligently.

To that end, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

8

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the facts before this court, no reasonable jurists could debate that Smith's pending petition is timely. Therefore,

    IT IS ORDERED that Smith's motion for appointment of counsel is denied.

    IT IS FURTHER ORDERED that this case is dismissed as untimely.

    IT IS FURTHER ORDERED that Smith's motion to proceed in forma pauperis is denied as moot.

    IT IS FURTHER ORDERED that a certificate of appealability is denied.

    Dated at Milwaukee, Wisconsin, this 22nd day of December, 2011.

    BY THE COURT

    /s/ C. N. Clevert, Jr.
    C. N. CLEVERT, JR.
    CHIEF U. S. DISTRICT JUDGE

9

Case 2:10-cv-00264-CNC   Filed 12/22/11   Page 9 of 9   Document 21